EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
05/04/2018
CT Log Number 533283102

**TO:**   Cathrine Reinecke
Citibank, N.A
701 E 60th St N
Sioux Falls, SD 57104-0493

**RE:**   **Process Served in Florida**

**FOR:**   Citigroup Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LINDA MIDDENDORF, Pltf. vs. Citigroup Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Polk County Circuit Court, FL<br>Case # 2018SC0020880000WH |
| **NATURE OF ACTION:** | COMPLAINT FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/04/2018 at 16:25 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | 06/18/2018 at 10:00 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Eva Donohue<br>Eva Donohue, P.A.<br>PO Box 5074<br>Lakeland, FL 33807-5074<br>863-687-6400 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/07/2018, Expected Purge Date: 05/12/2018 |
| | Image SOP |
| | Email Notification, Russum Abidally  russum.abidally@citi.com |
| | Email Notification, Cathrine Reinecke  cathrine.reinecke@citi.com |
| | Email Notification, Kelly Umstott  kelly.a.umstott@citi.com |
| | Email Notification, Angela Eggleston  angela.j.eggleston@citi.com |
| | Email Notification, Hailey Mcgraw  Hailey.mcgraw@citi.com |
| | Email Notification, Laura Kolker  laura.l.kolker@citi.com |
| | Email Notification, Tonya Cwach  tonya.m.cwach@citi.com |
| **SIGNED:** | C T Corporation System |

Page 1 of  2 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**Service of Process Transmittal**
05/04/2018
CT Log Number 533283102

**TO:** Cathrine Reinecke
Citibank, N.A
701 E 60th St N
Sioux Falls, SD 57104-0493

**RE:** **Process Served in Florida**

**FOR:** Citigroup Inc. (Domestic State: DE)

**ADDRESS:** 1200 South Pine Island Road
Plantation, FL 33324
**TELEPHONE:** 954-473-5503

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE COUNTY COURT OF POLK COUNTY, FLORIDA
CLAIMS DIVISION
CASE NO. 2018SC-002088-0000-WH

LINDA MIDDENDORF
%DONOHUE EVA M, ESQUIRE
P O BOX 5074
LAKELAND, FL 33807-5074
           PLAINTIFF

vs.

CITIGROUP, INC
C/O CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324
           DEFENDANT


## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

**YOU ARE HEREBY COMMANDED to serve this NOTICE and a copy of the COMPLAINT upon: CITIGROUP, INC**

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the NORTHEAST POLK COUNTY GOVERNMENT CENTER, 3425 Lake Alfred Road - #7 Gill Jones Center, Winter Haven, Florida on the **18th** day of **June, 2018**, at **10:00 AM** for a PRETRIAL CONFERENCE before a judge of this court.

**IMPORTANT-- READ CAREFULLY THE CASE WILL NOT BE TRIED AT THAT TIME. DO NOT BRING WITNESSES--APPEAR IN PERSON OR BY ATTORNEY.**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and

addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE: The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suit may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff's(s') attorney, if any.

A copy of the statement of claim shall be served with this summons.

**WITNESS MY HAND and Official Seal of this Court on 2nd day of May, 2018.**



STACY M. BUTTERFIELD, CPA
CLERK OF THE CIRCUIT COURT
425 LAKE ALFRED ROAD - #7
GILL JONES CENTER
WINTER HAVEN, FL 33881
PHONE (863) 534-4000

By _____
Deputy Clerk

Page 2 of 3

## REQUESTS FOR ACCOMMODATIONS
## BY PERSONS WITH DISABILITIES

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Office of the Court Administrator, 255 N. Broadway Avenue, Bartow, Florida 33830, (863) 534-4686, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Page 3 of 3

IN THE COUNTY COURT IN THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

LINDA MIDDENDORF,

                                         Case No.:

       Plaintiff,

vs.

CITIGROUP INC.,
a/k/a CITIBANK, N.A.

       Defendant.

_____ /

## COMPLAINT FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT and TELEPHONE CONSUMER PROTECTION ACT

The Plaintiff, LINDA MIDDENDORF, (hereinafter referred to as "Plaintiff") by and through undersigned counsel, sues the Defendant, CITIGROUP INC., a/k/a/ CITIBANK, N.A., (hereinafter referred to as "Defendant"), and in support thereof respectfully alleges the following:

### PART I: INTRODUCITON

1.      This is an action for damages for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under Florida Statute § 48.193.

3.     This action arises out of Defendant's violations of the FCCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal effort to collect a consumer debt from Plaintiff.

4.     Venue is proper in this County because the conduct complained of occurred in Polk County, Florida where the Plaintiff resides.

## PARTIES

5.     Plaintiff, LINDA MIDDENDORF, is a natural person who resides in Polk County, Florida, and is a "consumer" as that term is defined by § 559.55(8), Fla. Stat.

6.     Defendant, CITIGROUP INC. a/k/a CITIBANK, N.A., is a "creditor" as defined in §559.55(5), Fla. Stat. and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

## GENERAL ALLEGATIONS

7.     Congress enacted the TCPA to prevent real harm.  Congress found that "automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."[1]

8.     Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent-a "nuisance and invasion of privacy."

9.     Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

---

[1] Pub. L. No. 102-243, §§ 2(10-13) Dec. 20, 1991, codified at 47 U.S.C. § 227.  See also Mims v. Arrow Fin. Services, L.L.C., 565 U.S. 368, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

10.     Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

11.     Defendant's phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

12.     At all material times herein, Defendant attempts to collect a debt, specifically a balance allegedly due on two consumer credit cards issued by Defendant (hereinafter, the "Debt").

13.     At all material times herein, the Debt is a consumer debt incurred primarily for personal, household, or family use.

14.     At all material times herein, the Defendant is a "person" subject to Florida Statutes, Section 559.72.  See Florida Statutes, Section 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

15.     At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

16.     At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

17.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

18.     Defendant's telephone calls, as more specifically alleged below, were placed to Plaintiff's assigned cellular telephone (hereinafter, "Cellular Phone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system

(hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").    The calls bore telltale signs of an automated call, such as an obviously artificial voice, a messaging asking the consumer to press one of several keys, or a gap between picking up the call and a human being coming on the line.

19.    On 11/13/2017, Plaintiff retained Eva Donohue, P.A. (hereinafter "Undersigned Counsel") for representation with respect to her debts generally, including the Debt.

20.    On 11/13/2017, at approximately 7:33 pm, Plaintiff received a call from a "Joshua" at Citibank.  The call came from 888-638-9611.  Plaintiff advised the Defendant that she had retained undersigned counsel regarding this Debt.

21.    On 11/15/2017, Plaintiff, through Undersigned Counsel, sent a facsimile transmission to Defendant advising Defendant that Undersigned Counsel represented Plaintiff with respect to the Debt, advising Defendant of Undersigned Counsel's contact information, and advising the Defendant that all further communication regarding the Debt be directed to Undersigned Counsel (hereafter, "Notice of Representation" or "NOR").  True and correct copies of the NOR letter and fax confirmation sheet is attached hereto and labeled as Exhibit "A".

22.    Additionally, the NOR letter specifically instructed and placed Defendant on notice of her revoking any prior express consent that she may have given to receive telephone calls, especially to her cellular telephones from an ATDS or pre-recorded voice, and specifically requesting Defendant not to call Plaintiff's home telephone or cellular telephone number.  See Exhibit "A".

23.    Each of the below-referenced were communications and were made despite Defendant possessing actual knowledge of Undersigned Counsel's representation of Plaintiff

with respect to her debts generally, including the Debt, possessing actual knowledge of Undersigned Counsel's contact information, and despite possessing actual knowledge of Plaintiff's instruction to cease all direct communication with Plaintiff with respect to the Debt.

24.     Each of the below-referenced calls at the approximate referenced times were made by Defendant directly to Plaintiff's Cellular Phone using ATDS, a PTDS, or an APV in an attempt to directly collect the Debt from Plaintiff after having actual knowledge of Plaintiff's express revocation to make such calls and after having actual knowledge that the Plaintiff is represented by an attorney.

a)     On 11/17/2017, at 8:21 am, Defendant placed a call to Plaintiff's cell phone number in an attempt to collect on the Debt.  Plaintiff advised the Defendant again that she was represented by an attorney and asked that Defendant contact her attorney. Despite being advised that Plaintiff was represented, Defendant continued to demand that payment was made for some time until Plaintiff eventually hung up.

b)     On 11/21/2017 at 8:33 am, Defendant placed a call to Plaintiff's cell phone number in an attempt to collect on the Debt.  Plaintiff advised the Defendant again that she was represented by an attorney and asked that Defendant contact her attorney. Despite being advised that Plaintiff was represented, Defendant continued to demand payment and advised Plaintiff that he would not contact her attorney.

c)     On 11/25/2017 at 9:52 am, Defendant placed a call to Plaintiff's cell phone number.  When Plaintiff answered the call there was a pause and eventually the call was disconnected.

d)      On 11/25/2017 at 2:26 pm, Defendant placed a call to Plaintiff's cell phone

number.  When Plaintiff answered the call there was a pause and then a robotic voice

from Citibank requesting that Plaintiff call back and then the call was disconnected.

e)      On 11/25/2017 at 5:15 pm, Defendant placed a call to Plaintiff's cell phone.

When Plaintiff answered the call there was a pause and when no one responded the call

was disconnected.

25.      Plaintiff has not been able to record the specifics of each and every call made to

her by Defendant due to both professional and personal commitments, as well as the continued

and increasing stress associated with the continued barrage of debt collection calls.

26.      Further, Defendant is in the best position to determine and ascertain the number

and methodology of calls it placed to Plaintiff.

27.      As a direct result of Defendant's actions, Plaintiff suffered emotional distress,

anxiety, inconvenience, frustration, annoyance, fear, confusion, loss of sleep, and belief that the

hiring of an attorney for representation with respect to the Debt was wholly ineffective and that

the frequent, repeated direct debt collection attempts would need to simply be endured.

28.      Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory

damages, actual damages, punitive damages, and an award of attorneys' fees and costs to

Plaintiff, should Plaintiff prevail in this matter against Defendant.

29.      United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00

or actual damages, whichever is greater, for each telephone call placed using any automatic

telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Phone in violation of the TCPA or the regulations proscribed thereunder.

30.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Phone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER
## COLLECTION PRACTICES ACT 559.72(18), Fla. Stat.

Plaintiff re-alleges paragraphs one (1) through forty-two (30) as if fully restated herein and further states as follows:

31.     Fla. Stat. § 559.72(18) provides, pertinent in part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

32.     Defendant knew that Plaintiff was represented by an attorney with respect to the debt, and had knowledge of Plaintiff's attorney's name and address.

33.     Defendant has violated the Florida Consumer Collection Practices Act. Specifically, Defendant violated Fla. Stat. § 559.72(18) by calling the Plaintiff's cell phone on multiple occasions, with as many as three phone calls in one day, on multiple days in an attempt to collect a debt, despite having the knowledge that Plaintiff had an attorney for the matter.

34.     Due to the violations of Florida law by the Defendant as set forth above, the

Plaintiff has been damaged and is entitled to an award of actual damages, statutory damages as

well as reasonable attorney's fees and costs pursuant to § 559.77(2), Fla. Stat.

**COUNT II**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through forty-two (30) as if fully restated herein

and further states as follows:

35.     Defendant is subject to, and violated the provisions of, 47 United States Code,

Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone

dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a

cellular telephone service without Plaintiff's prior express consent.

36.     At no time did Defendant have Plaintiff's prior express consent to call Plaintiff on

her Cellular Phone.

37.     Further, if Defendant contends it possessed such consent, such consent was

revoked the moment Defendant received the Fax Notice of Representation.  See Exhibit "A".

38.     Additionally, if Defendant contends it placed the referenced phone calls described

herein for "informational purposes only." Defendant nonetheless lacked the required prior

express written consent necessary to place such informational calls to Plaintiff's Phone using an

ATDS or APV.

39.     The calls Defendant placed to Plaintiff's Cellular Phone complained of herein are

the result of a repeated willful and knowing violation of the TCPA.

40.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

  a.  The periodic loss of her cellular phone service;

  b.  The expenditure of costs and attorney's fees associated with the prosecution of this matter;

  c.  Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

  d.  Statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests against Defendant entry of:

a.  Judgment against Defendant declaring that Defendant violated the FCCPA;

b.  Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

c.  Judgment against Defendant for actual damages pursuant to the FCCPA in an amount to be determined at trial;

d.  Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

e.  Judgment against Defendant for treble statutory damages in the amount of up to $1,500.00 for each of Defendant's telephone calls that violated the TCPA for which Defendant acted knowingly and willingly;

f.  Judgment for an award of reasonable attorneys' fees and costs;

g.  Any other such relief the Court may deem proper.

DATED: April 30, 2018

Eva Donohue, P.A.

*/s/ Eva Donohue*
_____

EVA M. DONOHUE, ESQ.
FBN: 0576581
P.O. Box 5074
Lakeland, FL  33807-5074
Telephone:(863)687-6400
Fax: (863) 687-6440
Email: info@emdlawfirm.com

# Exhibit "A"

| | |
|---|---|
| **From:** | NoReply@metrofax.com |
| **Sent:** | Wednesday, November 15, 2017 12:49 PM |
| **To:** | Legal Assist |
| **Subject:** | Successful transmission to 17027974813. Re: Middendorf, Linda / Citi |



Hi Eva,                                                                   **Re: Middendorf, Linda / Citi**

The fax you sent through MetroFax to 17027974813 was successfully transmitted.

| **Fax Details** | |
|---|---|
| Date: | 2017-11-15 17:49:03 (GMT) |
| **Number of Pages:** | 2 |
| **Length of Transmission:** | 99 seconds |
| **Receiving Machine Fax ID:** | Citicards |

If you have any questions, please call us at (888) 321-3121 ext. 2 or visit our online help center at
https://www.metrofax.com/support.

Thank you for using the MetroFax service.

Sincerely,
The MetroFax Team

# FAX COVER SHEET

| | |
|---|---|
| **TO** | |
| **COMPANY** | |
| **FAX NUMBER** | 17027974813 |
| **FROM** | Eva Donohue |
| **DATE** | 2017-11-15 17:46:53 GMT |
| **RE** | Middendorf, Linda / Citi |

## COVER MESSAGE



© 2017 j2 Global, Inc. and affiliates. All rights reserved.
MetroFax is a registered trademark of j2 Global, Inc. and affiliates.
6922 Hollywood Blvd., Los Angeles, CA 90028

Your use of the MetroFax service is subject to the terms of the MetroFax Customer Agreement.

November 15, 2017

Citibank
Via Fax: 1-702-797-4813

Re Account Numbers ███████████████ and ████████████

To Whom It May Concern:

Please be advised that I have retained counsel. Please take notice that Eva Donohue P.A. located at 5640 South Florida Avenue, Lakeland, Florida 33813; telephone number (863) 687-6400 is my attorney at law who represents me with respect to the above referenced account and any other account that I may have with you. I have authorized and instructed them to discuss my account with you and your affiliates, agents, employees, designees or assigns. I authorize and instruct you to disclose such information to them as they may request, and to direct all communications to them as my attorney. They are not authorized to accept service of process on my behalf for any legal action brought against me by any of my creditors. Furthermore, you are instructed and placed on notice of this revocation, not to call my home telephone number, my cellular telephone, or my work telephone number. I am hereby revoking any prior express consent that I may have given to receive telephone calls, especially to my cellular telephones, from an Automated Telephone Dialing System, or a pre-recorded voice. All telephone calls, collection and communication concerning this account should be directed to my attorney at the above telephone number.

Please allow this correspondence to also serve as my formal notice of dispute of the above referenced debt and/or account.   Thank you.

Sincerely,

*Linda Middendorf*

Linda Middendorf
9510 Mulligan Lane
Lakeland, FL 33810
SS Number: ████████████



**Stacy M. Butterfield, CPA**
Clerk of Courts & Comptroller
Polk County, Florida

Public Records Online
CASE INFORMATION

Printed as of 6/4/2018 by Public

Case Number:   2018SC0020880000WH

Judge:   BOB  GRODE          Section:   W3

## Parties

| Party Type | Party Name | Attorney |
|---|---|---|
| DEFENDANT | CITIGROUP, INC | |
| PLAINTIFF | MIDDENDORF, LINDA | DONOHUE EVA M |

## Dockets

| Date | Action | Type | Pages | Sequence |
|---|---|---|---|---|
| 4/30/2018 | COMPLAINT | CO | 15 | 2 |
| 5/1/2018 | Calendar entry added for: 06/18/2018 10:00 AM | CINS | 0 | 1 |
| | Reason: PRTC | | | |
| 5/2/2018 | SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE ISSUED BY CLERK - CITIGROUP INC | SNA | 3 | 3 |
| 5/18/2018 | NOTICE OF FILING PLAINTIFF'S VERIFIED RETURN OF SERVICE | NF | 2 | 4 |
| 5/24/2018 | AMENDED NOTICE OF FILING PLAINTIFF'S VERIFIED RETURN OF SERVICE | NF | 2 | 5 |

## Court Hearings

| Date | Time | Location | Motion | Section | Judge |
|---|---|---|---|---|---|
| 6/18/2018 | 10:00 AM | NORTHEAST POLK COUNTY GOVERNMENT CENTER | PRTC - PRE-TRIAL HEARING | W3 | BOB  GRODE |

## Public Records Online
## CASE INFORMATION

### Printed as of 6/4/2018 by Public

Case Number:      2018SC0020880000WH

Judge:            **BOB  GRODE**                    Section:   **W3**

Receivables

| Date | Receipt Amount | Description | Paying Customer | Receipt Number | Receivable Number |
|------|----------------|-------------|-----------------|----------------|-------------------|
| 5/1/2018 | $310.00 | Fees Assessed | EVA M DONOHUE | 7573974 | |
| Balance Due | $0.00 | | | | |

No Disposition Data Available

No Reopen Data Available

Polk County Clerk of Courts